## BOWEN & KING v. HALE.

Where there is a motion for a new trial upon some ground which brings up the evidence, the appellate court looks into that evidence upon such motion; but it cannot review the finding of the court below, or of a jury, simply as a verdict, on errors assigned thereon.

The owning of intoxicating liquors in this state, in a state of transportation, is not unlawful; nor are such liquors a nuisance, which any one may abate, by destroying them.

A set-off is not a defence to an action, and should be pleaded separately.

A contract for the transportation of intoxicating liquors, is not void *per se,* under the act for the suppression of intemperance, approved January 22, 1855.

Where a party was sued as a common carrier, for so negligently and carelessly performing his contract to carry a demijohn, containing six gallons of brandy, from B. to O. that the same was lost and destroyed; and where the defendant in his answer, denied the contract, and averred that it was void; that plaintiffs sent a letter, by his teamster, for some articles; that he did not know what they were; and that if the plaintiffs sent for brandy by his teamster, he is not liable. *Held,* 1. That the answer amounted only to the general issue; 2. That the answer set up no fact, making the contract void.

Bowen & King v. Hale.

*Appeal from the Mahaska District Court.*

THE plaintiffs sued the defendant as a common carrier, for so negligently and carelessly performing his undertaking to carry a demijohn, containing six gallons of brandy, from Burlington to Oskaloosa, in Iowa, that the same was lost and destroyed. The defendant filed his answer, denying the carrying, and the contract to carry ; and averring that it was void under the law; that he did not know there was brandy on his wagon ; that he never agreed to haul brandy in a demijohn, from Burlington to Oskaloosa, for the plaintiffs ; that plaintiffs sent a letter by his teamster for some articles ; that defendant did not know what they were ; that if they sent for brandy by his teamster, he is not liable, as he did not, and would not have permitted the same to have been carried in his wagon ; and that he never had a demijohn of brandy of six gallons, worth forty dollars, of plaintiffs', in his wagon, nor any brandy or demijohn of any price, for plaintiffs whatever, but plaintiffs are indebted to defendant in the sum of fifty dollars, for keeping horses, &c. In the District Court, the cause was tried by the court, and the matters found were reduced to writing, under § 1793 of the Code ; and that court found as follows: That on the 25th of July, 1855, H. E. Hunt & Co., of Burlington, Iowa, delivered to Griffee, the servant and teamster of defendant, one box of merchandise, containing one demijohn, with five gallons of brandy, worth four dollars per gallon; that the demijohn and box were worth one dollar and fifty cents; that said box was in good order and properly packed, when delivered ; that at the time of delivery, defendant was present, and directed the delivery to said Griffee, as his teamster ; that but one and a half gallons of said brandy were delivered to plaintiff, which was worth six dollars ; and that the demijohn, box, and the remainder of the brandy, were destroyed on the road from Burlington to Oskaloosa, and were of the value of $15.50. Finally, the court found for the plaintiffs $15.50, and costs. The defendant appeals from the judgment rendered on this finding.

*Crookham & Fisher*, for the appellant.

*Wm. Loughridge*, for the appellees.

WOODWARD, J.—The defence is based upon an assumed construction of the act for the suppression of intemperance, of January 22d, 1855. Statute 1855, 58. This act provides that the keeping of intoxicating liquor, with intent oñ the part of the owner, to sell the same within this state, contrary to the provisions of this act, is prohibited, and the intoxicating liquor so kept, is declared a nuisance. But under the same act, such liquors might be sold by authorized agents, for medicinal, mechanical, and sacramental purposes, and they might be manufactured in the state, for the purpose of being sold according to the provisions of the act. Section seven provides that upon the trial of an indictment or information under the act, the finding the liquor named in the proceeding, in the possession of the accused, in any place, except in his private dwelling-house, or its dependencies, is taken as presumptive evidence that it is kept or held for sale, contrary to the provisions of the act.

The assignment of errors next requires attention. The second is, that the court erred in finding the value of the brandy at $15.50; the third, in finding it of any value; the fourth, in finding that Bowen and King were not partners at the time defendant alleges that he kept horses for them. (This relates to the set-off.) These assignments refer to the finding of the facts by the court. This is not within our province to examine, in the present cause. When there is a motion for a new trial, upon some ground which brings up the evidence, then this court looks into that evidence upon such motion. But it cannot review the finding of the court or of a jury, simply as a verdict, and on errors assigned thereon.

The other errors assigned, are: 1. In holding that plaintiffs could maintain the action for the brandy, that being declared a nuisance by statute; 2. In holding that the owning brandy in the state of Iowa by the plaintiffs, as they did,

Bowen & King v. Hale.

was a lawful ownership; and that they could maintain an
action for the negligent transportation of the same. These
matters come within the province of this court to examine,
under the actual state of the pleadings. The defendant is
sued as a common carrier, for so negligently executing his
undertaking to transport the brandy, that the greater part
was in some manner wasted, consumed, or lost. No ques-
tion, is made on either side, upon the minutiæ of the plead-
ings. The answer of the defendant amounts to a denial of
the petition—to the general issue only; and the court finds
the facts to be, that defendant did undertake to carry; that
the greater part of the property was lost; and that the part
so lost or wasted was worth $15.50, and finds a verdict for
that amount for the plaintiff. The question then recurs, and
the defendant's position assumes, that the bare fact of own-
ing intoxicating liquor in the state of Iowa, in a course of
transportation, as this was, was unlawful; that the brandy
was a nuisance, and that any one finding it, might abate the
nuisance, by destroying the brandy. It is possible, under
the above act, to own and to possess intoxicating liquor law-
fully, in this state. The plaintiffs may have caused it to be
brought from without the state, or may have bought it of an
authorized agent in Burlington, where the carrier received
it. They may have intended it for their own cellars, which
they might lawfully do, or for medicinal or mechanical pur-
poses. This being so, are the plaintiffs bound, as against
the defendant, to show the lawfulness of their ownership;
and had he the right to presume everything against such
lawfulness, or mus the show them to be in the wrong? The
presumptions allowed by the statute, are somewhat stringent.
Section seven, before recited, makes a presumption against
the owner having it in his possession, in any place except
his private dwelling-house. It has not been decided whe-
ther his possession by a bailee, like the present carrier,
would bring him within the law; but it is probable that
such presumption could not arise while the goods were *in
transitu*, nor until they had arrived at a state of rest, for until

then, it could not be known that they would be in a position to which the statute presumption would attach.

Then, it is to be observed, that the above presumption, under the statute, is made upon the trial of an indictment or information, and the statute goes no farther. And it may be doubted, whether the defendant has a right to make that presumption *in pais;* and it becomes a question, whether this is such a nuisance as can be abated by any one, at his election. One thing, at least, seems manifest, as the plaintiffs could lawfully possess brandy in this state, if the defendant has undertaken to abate it as a nuisance, the burden is on him to show that it existed under such circumstances as to constitute it a nuisance. He must plead and show the requisite facts. This he has not done. His answer really amounts only to a denial of the undertaking to carry, but he has thrown into it some allegations that the contract to carry was void; yet he has shown no fact or circumstance making it void under the law.

The court found that the set-off was against one only of the plaintiffs, and thereupon held that it could not be pleaded against the two. We would take this occasion to make a remark upon the manner of pleading in set-off. Counsel will bear in mind, that a set-off is not a defence to an action; and, therefore, it is not to be confounded with the defence, but should be pleaded separately.

There is no error in the rendition of the judgment by the District Court, and the same is affirmed.