## SOMMER v. CATE.

I. Per COLE, J., LOWE, Ch. J., and DILLON, J., concurring.

1. Intoxicating liquors: ACTION FOR VALUE: ONUS. It is incumbent upon a person suing to recover the value of intoxicating liquors lost or destroyed by a common carrier, to allege and prove, not only that he has been illegally deprived of the same, but that he owned or possessed them with lawful intent and not for the purpose of sale.

### II. Per WRIGHT, J., dissenting.

2. —— In such case it will be presumed, in the absence of all proof to the contrary, that the possession of plaintiff was with lawful intent; and he is entitled to recover, if he proves his ownership of the liquor, its destruction and value, and nothing whatever appears to show that it was kept for purposes prohibited by law.

*Appeal from Polk District Court.*

FRIDAY, JULY 12.

SUIT against defendant, a drayman, as common carrier. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Finch, Clark & Rice* for the appellant.

*Polk & Hubbell* for the appellee.

COLE, J.—The petition alleges that the defendant was acting as a drayman and common carrier of goods, etc.,

Sommer v. Cate.

1. INTOXICA-
TING LIQUORS:
action for
value: onus.
in Des Moines; that the defendant agreed with the plaintiff, for a sufficient consideration, to carry, for the plaintiff, a barrel of whisky from the court-house to the Des Moines Valley railroad depot in said city; that defendant received said barrel of whisky for the purpose of carrying the same; that defendant failed to deliver the same at said depot, or to return it to plaintiff, though demanded; that it was worth two hundred and fifty dollars, for which he asks judgment.

The defendant demurred to the petition, because it appears therefrom, that the action is instituted to recover the value of intoxicating liquors, but the petition does not allege that the plaintiff owned or possessed such liquors with lawful intent. The court sustained the demurrer, and the correctness of this ruling is the only question presented for our determination.

It is provided by our act for the suppression of intemperance, among other things, as follows: "Nor shall any action be maintained for the recovery or possession of any intoxicating liquor or the value thereof, except in cases where persons owning or possessing such liquor with lawful intent may have been illegally deprived of the same." Rev., § 1571.

Giving to this enactment a fair construction, it devolves upon a party suing to recover the value or possession of intoxicating liquors, the burden of proving not only that he had been illegally deprived of the same, but also the further fact that he owned or possessed them with lawful intent; that is, that he did not hold or own them for the purpose of sale in violation of law. Such being the case, it is necessary for the party thus suing to aver such fact; for it is a general rule that a plaintiff need not prove more in order to maintain, than he is required to aver in order to state, a cause of action. It follows, therefore, that the plaintiff ought to aver in his petition, as he must

Sommer v. Cate.

prove on the trial, his ownership with lawful intent, and that the demurrer was properly sustained.

This precise question was not presented, either by the pleadings or arguments of counsel, to, nor determined by, this court in the case, referred to by counsel for appellant, of *Bowen & King* v. *Hale* (4 Iowa, 430). Nor has it been presented or determined in the cases cited by appellee's counsel, of *Funk et al.* v. *Israel*, 5 Iowa, 438; *Plummer* v. *Harbut et al.*, 5 Id., 308; *Davis* v. *Bronson*, 6 Id., 410; *Marienthal et al.* v. *Shafer*, 6 Id., 223; *Davis* v. *Slater*, 17 Id., 250. But see these cases as sustaining the holding in this.

Affirmed.

WRIGHT, J., *dissenting.*—If I did not believe that this precise question had been presented in the pleadings and arguments, and decided by this court, I might possibly yield to the construction above given to the statute. In *Bowen & King* v. *Hale* (4 Iowa, 430), however, plaintiffs sued before a justice for the value of a demijohn of brandy, lost by the defendant as a *common carrier*.

Defendant demurred because the petition "did not show that plaintiffs were agents duly appointed by law." This was overruled. The answer sets up that the "agreement to convey was void," and that the "laws of this State forbid the conveyance of said liquor." The court below found the delivery of the liquor to the teamster; that part of it was lost; the value thereof; and rendered judgment accordingly for plaintiffs. In this court, defendant's counsel made the point, that "if a party would claim the benefit of an exception in a statute, he must show by his pleadings that he comes within it;" and referred to sections 3 and 16, and the entire act.

In the opinion by WOODWARD, J., after reciting and referring to the provisions of the statute, this question is

asked: "This being so, are the plaintiffs bound, as against defendant, to show the lawfulness of their ownership; and had he the right to presume any thing against such lawfulness, or must he show them to be in the wrong?" And now, when I add that the conclusion was, "that as plaintiffs could lawfully possess brandy in this State, if the defendant has undertaken to abate it as a nuisance, the burden is on him to show that it existed under such circumstances as to constitute it a nuisance; he must plead and show the requisite facts."

I feel quite sure that the question now made was presented in the *pleadings* and *arguments* of that case and *decided* by this court. So believing, and believing, also, that while as one of practice, it is not of very great practical importance, but that when once settled it should not be disturbed; and, further, that the former exposition of the statute is the true and correct one, I dissent from the foregoing opinion.

The keeping of intoxicating liquors *with intent, etc.*, is prohibited, and when *thus kept* they are declared a nuisance. If not thus kept they are property, and the owner is protected in his possession and lawful use of the same, just as he is in any other property. That it is seized by the law or its officers in its prohibited character, or that it is found under such circumstances as that the law gives it such character, must be shown, to justify the seizure. This is true in a civil proceeding or criminal prosecution. And if plaintiff sues for its destruction or loss, and he proves ownership, its destruction and value; and nothing further appears (as that it was kept for purposes prohibited by law, either from his own or defendant's testimony), he would unquestionably be entitled to recover. I need not add that his petition would be sufficient if it averred all that he was required to prove.

Not only so, but the petition in this case shows that the

liquor was *in transitu*—not about any business place of plaintiff nor in his "possession in any place" (Rev., § 1563), and there certainly can be no presumption even, that it was kept and held for sale contrary to the provisions of the act.

Then, again, suppose A should be sued for the value of liquor sold, and the sale should be established, the delivery and the value, would the seller have to prove that they were not kept, nor sold in violation of the act, before he could recover? This is not the statute, and I am sure that, of the many cases heretofore before us, the *defendant* was required to "plead and show the requisite facts." So the clause construed by the foregoing opinion, does not make it the duty of the owner to show that he kept the liquors with lawful intent. Liquors are property, were so before the statute, and are so yet, unless found under such circumstances as the law prohibits. This condition of prohibition is the *exception* to the general rule, and the party relying upon it must prove it. The rule is not that the keeping of all liquors for all purposes is prohibited, *except, etc.*, and that the party owning must state such exception. When he avers ownership, loss by defendant's act or neglect, and the value, he may rest, and it is for the defendant to show such circumstances as destroy such *prima facie* case.

This question was made, and the only one in *Maher* v. *Dougherty* (8 Gray, 437), under the Massachusetts statute; and that court *overruled* the demurrer, after hearing counsel in its support, and without calling upon counsel in support of the petition. Their statute, *too*, be it remembered, like ours, provides that no action of any kind shall be had or maintained in any court in this commonwealth, for the recovery or possession of intoxicating liquors, or the value thereof, except such as are sold or purchased in accordance with the provisions of this act (Stat. 1852, ch. 322, § 19); and see also *Breck* v. *Adams* (3 Gray, 569), and *Fisher* v.

*McGirr* (Id., 246), where it is held that defendant, as a wrong-doer, could not protect himself under the provisions of the statute. Also, *The State* v. *May* (20 Iowa, 305), where it is expressly held that liquor "is, in its essential nature, property."

Because, therefore, in my view, the foregoing opinion is in conflict with the prior rulings of this court, is not a correct exposition of the statute, overlooks long and well-settled rules of pleading, and finds no support in the decisions of other States, I have thus briefly and imperfectly indicated the grounds of my *dissent*.