WALKER v. SHOOK ET AL.

1. **Intoxicating Liquors**: ACTION FOR DAMAGES: BURDEN. The owner of
   intoxicating liquors, suing to recover damages from an officer who
   had been adjudged to have no authority for their detention, must
   allege and prove that he owned and kept them with a lawful intent,
   and not for the purpose of sale contrary to law.

2. ——: ——: ——. The fact that the officer had been ordered
   by the court to return them to plaintiff did not relieve him from
   the necessity of making such allegation and proof.

*Appeal from Appanoose Circuit Court.*

TUESDAY, OCTOBER 22.

AN information was filed before a justice of the peace
charging that the plaintiff kept and sold intoxicating liquors
contrary to law. A warrant was issued, and placed in the
hands of the defendant Shook, who was marshal of the town
of Moulton. Under and by virtue of the warrant the said
defendant seized certain intoxicating liquors, which he claims
to have stored in a proper place. But this was a controverted
question on the trial. From the judgment rendered by the
justice an appeal was taken by the plaintiff to the District
Court, and at the hearing in that court the following judg-
ment was rendered: "The case being submitted to the court,
and the court being fully advised in the premises by the
proofs presented, and the arguments of attorneys, finds that
there is not sufficient information upon which to render judg-
ment. The court orders this case dismissed, and the prop-
erty taken under the search warrant returned to the defendant."
The defendant Shook having failed to comply with said order,
by returning the liquors to the plaintiff, this action is brought
to recover the damages sustained by reason of such failure.

There was a jury trial, and judgment rendered for the
plaintiff for nominal damages and costs. The defendants
appeal.

Walker v. Shook.

*Geo. D. Porter,* for appellants.

*J. C. Coad,* for appellee.

SEEVERS, J.—The amount involved, as shown by the pleadings, being less than one hundred dollars, the trial judge, as is required by a rule of this court, has certified the questions of law "upon which it is desirable to have the opinion of the Supreme Court," among which questions is the following: "Is it necessary, as a matter of law, for the plaintiff in this action to allege in his petition that the liquors were kept for a lawful purpose, and not for sale contrary to law."

**1. INTOXICA-TING liquors: action for damages: burden of proof.**

It is provided by statute " * * * nor shall any action be maintained for the recovery or possession of any intoxicating liquors, or the value thereof, except in cases where persons owning or possessing such liquor with lawful intent may have been illegally deprived of the same * *." Code, § 1550.

This statute was in force when *Sommer v. Cate,* 22 Iowa, 585, was determined, and it was held in that case no recovery could be had against a carrier who failed to deliver intoxicating liquor intrusted to him, unless the plaintiff averred and proved on the trial he owned or posessed the liquor with lawful intent.

Following that decision the question above referred to must be answered in the affirmative. Such must be the necessary and logical result.

As we understand, the judgment of the District Court determined but a single question, which was that there was "not sufficient information upon which to render judgment." That is to say, the information filed before the justice, and on which the whole proceeding was based, was so defective or insufficient that no judgment could be rendered thereon. The court did not determine that the liquors were kept with a "lawful intent," nor was any such question involved in the deter-

mination made.    In other words, the indictment or informa-
tion was bad, and no judgment could be rendered thereon.

There having been no determination as to the intent with
which the liquor was kept the plaintiff, before he can recover
under the statute as construed in *Sommer v. Cate*, must allege
and prove that such intent was lawful.

The order that the liquors should be returned to the plain-
tiff did not vest him with any additional rights.    His right to
a return of the liquor would have followed, as a matter of
course, the dismissal of the action.    His right to recover
would have been just as perfect without such order as with
it.    The seizure under the warrant gave the defendant the
right of possession.    He, therefore, was not a trespasser.    If
it be said he became a wrong-doer when he failed to return
the liquor, as he was ordered to do by the court, still it is evi-
dent such failure must have been caused by negligence, or
through a wrong intent, and such must have been true as to
the carrier in *Sommer v. Cate*, for it appears in that case the
liquor was delivered to him to be carried to and delivered at a
particular place, and he failed to do so, either through negli-
gence, or with a wrong intent.

We are unable to draw any distinction between the two
cases.    If the rule established in *Sommer v. Cate* be regarded
as harsh, or, as an original proposition, that the statute was
not correctly construed, still we feel bound to follow it, because
of the doctrine of *stare decisis*, and for the further reason
that such decision was made upward of ten years ago, and the
construction of the statute then adopted has been acquiesced
in by the legislative authority during that time.    If deemed
incorrect it could have been readily remedied.

We deem it unnecessary to determine the other questions
certified, as we regard them as immaterial so far as a retrial
is concerned.

REVERSED.