THE STATE OF IOWA, Complainant, v. WILLIAM G. THOMPSON, as Judge of the District Court, Respondent.

**Contempt: APPEARANCE: JURISDICTION.** Appearance to a contempt
1 proceeding for the violation of an injuctional order, which is in response to a citation of the court, confers jurisdiction and the decree entered will not be reversed because a warrant was not issued to compel the attendance of defendant.

**Intoxicating liquors: INJUNCTION: CONTEMPT.** The mere fact of
2 finding liquor upon the premises is insufficient to authorize a punishment for contempt for violating an injunctional order restraining the sale.

MONDAY, MARCH 12, 1906.

Certiorari. The opinion states the case.

*C. G. Watkins and J. M. Tallman,* for the State.

*E. C. Barber,* for respondent.

PER CURIAM.— At the January, 1905, term of the district court in and for Linn county, Iowa, in a civil action then and there pending, in which C. C. Beck, Orie Hunter, and others were charged with maintaining a liquor nuisance upon a certain lot in the city of Marion, a temporary decree of injunction was entered by which it was provided that the said " C. C. Beck and Orie Hunter are hereby enjoined and restrained from selling intoxicating liquors either by themselves, agents, or assigns or by or through any pretense whatever in the described building or in any other place within the Eighteenth judicial district of Iowa." This decree appears to have been entered January 9, 1905, and on January 23d of the same year a complaint was filed in said court alleging a violation of said injunction on the part of the defendants. Citation was issued to defendants to appear and show cause why they should not be adjudged in contempt, and upon their appearance a trial was had, in which it was shown that on January 21, 1905, the enjoined building was searched under a warrant issued by a justice of the peace, and that such search resulted in the discovery on said premises of a large quantity of whiskey. No other evidence whatever was offered on either side, and at the close of the hearing the court, the respondent presiding, dismissed the complaint, and discharged the defendants. Thereupon this proceeding in certiorari was instituted in this court to reverse and review the order aforesaid.

I. Such reversal is first demanded because the district court upon the complaint being made did not order the issue of a warrant for. the defendants' arrest, but, instead 1. CONTEMPT: thereof, called them into its presence by notice appearance: jurisdiction. or citation. The point is without merit. The purpose which a warrant is intended to serve is the production of the defendants and their submission to the jurisdiction of the court for the purposes of the case, and this was accomplished by their appearance without arrest. We think it entirely immaterial whether they appeared volun-

tarily or by compulsory process so long as the court obtained jurisdiction to hear the charge preferred against them.

II. The things against which the prohibitory liquor statute are primarily directed are the selling of intoxicants in violation of law and the keeping of intoxicants with intent to

2. INTOXICATING  sell the same in .violation of law.   Code, section
LIQUOR:
injunction:   2382.   Either of these prohibited acts is suffi-
contempt.     cient to render the place where the same is permitted or carried on a nuisance. Code, section 2384. By some oversight or want of care the decree in the vindication or enforcement of which the contempt proceedings were begun is so drawn as to prohibit the act of selling, but does not prohibit the keeping with intent to sell. The discovery of liquor on the premises is presumptive evidence that they were kept for illegal sale (Code, section 2427), but in itself and alone, it has no tendency to prove the act of selling which is the only act enjoined. Had the decree enjoined the keeping of liquors with intent to sell, as it doubtless would, had the plaintiff in the injunction proceedings asked such relief, then the discovery of the liquor upon the premises would have cast the burden upon the defendants to overcome the presumption of unlawful intent. Or, if there were any showing in the record of an unlawful sale, the finding of the liquors on the premises would be an incriminating circumstance; but there is no such evidence.

Upon the record as presented we hold that, in making the order complained of, the district court did not exceed its jurisdiction or otherwise act illegally, and the writ of certiorari is therefore *dismissed*.