G. W. SHIDLER, Appellant, v. KEENAN BROTHERS, Appellees.

Intoxicating liquors: NUISANCE: ABATEMENT. The finding of intoxi-
1   cating liquors in the possession of one not authorized to keep or sell
    the same, except when found in a dwelling house, raises the pre-
    sumption under the statute that they are kept for illegal sale, and
    constitutes the place a nuisance, and it may be abated as such with-
    out proof of actual sale or offer to sell. Proof of possession alone
    is enough to place the burden of rebutting the presumption of un-
    lawful intent upon the defendant.

Same: CONTROL OF BUILDING: EVIDENCE. Where defendants admitted
2   the ownership of the building in which they were conducting busi-
    ness, and it appeared that the only means of entering the basement,
    in which intoxicating liquors were found, was through the room
    in which their business was carried on, there was sufficient evidence
    to show beyond reasonable doubt that defendants were in control
    of the basement.

*Appeal from Woodbury District Court.*—HON. JOHN F.
OLIVER, Judge.

TUESDAY, OCTOBER 6, 1914.

ACTION in equity to enjoin an alleged liquor nuisance.
Petition dismissed, and plaintiff appeals.—*Reversed.*

*John F. Joseph,* for appellant.

*Griffin & Page,* for appellee.

WEAVER, J.—The petition alleges that defendants main-
tain a certain building or place in the town of Pierson in which
they unlawfully keep for sale and sell intoxicating liquors,
and prays an injunction restraining them from continuing the
nuisance so created. The answer admits the ownership of the

property as alleged, but denies all other allegations of the petition. On the trial plaintiff introduced evidence tending to show that the defendants occupied the building in question as a meat market, and that a few days prior to the commencement of this action an officer under authority of a warrant searched the premises. He found therein a considerable quantity of beer, three full bottles in the refrigerator, a barrel of full bottles in the basement and an accumulation of empty beer bottles. The entrance to the basement was through the meat market. The plaintiff having rested his case upon this showing, the court announced:

Unless the defendants want to introduce some evidence in this case a motion to dismiss will be in order.

Thereupon defendant's counsel moved for a dismissal because of the insufficiency of the evidence, and the motion was sustained. It was from this order the plaintiff appeals.

The ruling cannot be sustained without disregard of the statute which provides in express terms that the finding of intoxicating liquors in the possession of one not legally authorized to sell or keep the same for sale (except where such liquors are found in the dwelling house of the possessor) is presumptive evidence that they are kept for illegal sale, Code, section 2427, and this, under the statute, constitutes the place a nuisance liable to be abated by injunction in a suit at equity, Code, section 2384. See, also, *Shideler v. Naughton,* 163 Iowa, 616; *State v. Thompson,* 130 Iowa, 227; *State v. Johnson,* 162 Iowa, 597.

1. INTOXICATING LIQUORS: nuisance: abatement.

Further discussion is unnecessary. The statute is too clear and explicit for construction, and the court has no discretion or option save to enforce it as it is written. Counsel for appellant say in argument that no evidence was offered showing that defendants had ever sold liquor upon these premises, or that they had any control over the basement where the liquor was found. Upon the first point it is sufficient

to say that the keeping of such liquors for sale is an offense against the statute, and proof of an actual sale or offer to sell is unnecessary, and, as we have already seen, proof of the possession alone is sufficient to cast upon defendants the burden of rebutting the presumption of an unlawful intent. If, as counsel say, this rule "carries the interpretation of our intoxicating liquor laws far into the realm of the ridiculous" it is an argument to be pressed upon the attention of the Legislature, and not of the court, which has no duty except to apply the law as it is enacted.

Concerning the suggestion that there is no proof of control of the basement by the defendants, we have to say that the admitted ownership of the premises and proof that the

2. SAME: control of building: evidence.

entry to the basement was through the shop or room where the defendants were doing business would seem to place that question beyond all reasonable doubt. Upon the record as made we have no alternative except to order a reversal of the decree of the court, and to remand the cause for further proceedings in harmony with this opinion. Costs including an attorney's fee of $25 for services in this court will be taxed in favor of plaintiff.—*Reversed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.