STATE OF IOWA ex rel. BURRELL, Plaintiff, v. DISTRICT COURT
OF TAYLOR COUNTY et al., Defendants.

INTOXICATING LIQUORS: Injunction—Information for Violation
1 —Multifariousness. Multifariousness does not result from the
act of amending an original information, charging contempt in
violating a named decree against the unlawful sale of intoxicating
liquors, by setting up an *additional* decree of injunction, but
assigning the same acts of unlawful sale, etc., as a violation of
each. And it is error to strike such amendment.

INTOXICATING LIQUORS: Injunction—Contempt—Duplicate De-
2 crees—Effect. Different decrees against the unlawful sale, etc.,
of intoxicating liquors, and against the same defendant, may be
charged in the same information for contempt as having been
violated by the same acts, and, if of the same scope, will be treated
as one decree; if not of the same scope, defendant may be con-
victed under that particular decree which is sufficiently broad to
embrace his unlawful acts.

INTOXICATING LIQUORS: Injunction—Contempt—Amending In-
3 formation—New Citation. When defendant, in a proceeding to
punish for contempt in violating a decree against the unlawful
sale, etc., of intoxicating liquors, is in court in obedience to a cita-
tion, an amendment to the information charging the contempt,
even by way of setting up the existence of an additional decree of
injunction, does not necessitate the issuance of a *new* citation to
defendant, said amendment only making the information more
specific.

INTOXICATING LIQUORS: Injunction—Contempt—Appearance—
4 Effect. The office of the precept or citation is to get the accused
into court. When he is in court, he may not question the jurisdic-
tion of the court if the information charging contempt is sufficient.

INTOXICATING LIQUORS: Injunction—Contempt—Violation of
5 Subsequent Enactments. An injunction against the unlawful sale
of intoxicating liquors may be invoked to punish the violation of
acts made unlawful subsequent to the rendition of the decree.

INTOXICATING LIQUORS: Injunction—Permissible Scope. An
6 injunction against the unlawful sale, etc., of intoxicating liquors
may be, and should be, made so comprehensive as to include within

its prohibition *every* act which is declared, in the chapter on intoxicating liquors, a violation of law. (Sec. 2405, Code, 1897.)

*Certiorari from Taylor District Court.*—THOMAS L. MAXWELL, Judge.

FRIDAY, MAY 5, 1916.

THIS is an original proceeding in this court brought by certiorari to test the rulings of the district court in striking out the first count of an information for contempt and sustaining a demurrer to the second count. The only printed matter in the case is plaintiff's argument. Though the record is not very long, there being no evidence, still the pleadings are somewhat lengthy, and we think that they should have been printed. The proceedings and judgment are reversed.— *Reversed.*

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, *R. T. Burrell,* County Attorney, and *Frank Wisdom,* for plaintiff.

No appearance for defendants.

PRESTON, J.—The allegations of the first count of the amended information are: That the defendant Frank W. Bailie is accused of the crime of contempt, in that he violated an injunction decree rendered October 6, 1900, in case No. 5248, wherein the said Bailie was a defendant; that said Bailie at divers times, in the county aforesaid, has kept for sale, and with intent to sell, solicited sales, and sold intoxicating liquors in violation of law and the provisions of said decree since the decree was granted, and has during the past two years ordered intoxicating liquors for others and collected pay therefor, and has sold within the past two years intoxicating liquors to Lonnie Pace, A. O. Robinson, Ord Clary and Lloyd Conder, and has also kept and had shipped to him intoxicating liquors, with intent to sell the same in violation

of said order of court and the law of the state of Iowa; that said defendant has, at numerous times during the last two years, taken orders from various persons whose names are unknown to plaintiff, for the purchase by them and sale and shipment to them of intoxicating liquors from certain parties who were selling and retailing such liquors in Marysville in the state of Missouri, and that the liquors so ordered were to be shipped directly to such persons, who were living in Taylor County, Iowa, and such liquors were, in fact, so shipped to said parties by the direction of said Bailie, in violation of the provisions of Section 2382 of the Supplement to the Code, 1913, and in violation of the decree before mentioned.

The decree alleged to have been violated by Count 1, just set out, provides that the said defendant Bailie and others named as defendants in the injunction suit "are now and hereby expressly and forever enjoined from establishing, keeping or maintaining a building or place for the sale or keeping with intent to sell intoxicating liquor therein, and said defendants are further expressly forever enjoined from selling or giving away in violation of law any intoxicating liquors by themselves, their clerks, agents and servants, and they are further expressly enjoined from keeping intoxicating liquor with intent to sell the same contrary to law, and this injunction is hereby made operative throughout the third judicial district of Iowa; and the said defendants are expressly and forever enjoined from in any manner violating any of the provisions and prohibitions of Chapter 6, Title XII, of the Code of Iowa."

As stated, the foregoing is an amendment to the original information filed against the defendant Bailie in the contempt proceeding. The original information charged said defendant with having violated a decree of injunction rendered May 2, 1904, in case No. 5965, by doing the acts set out in the amended information to Count 1. A bench warrant was issued under the original information, and defendant brought into court, bail was fixed, and he gave bond.

After the filing of said amended information, the State caused a notice to be served upon the attorneys for defendant that the same was on file, and thereafter, the defendant in the contempt case, Bailie, filed a motion to strike Count 1 of the amended information before set out, on the following grounds: (1) Said Count 1 makes said cause of action multifarious, and sets up a distinct and separate decree of injunction not germane to this cause of action, for which defendant was cited to appear; (2) no citation or order of any court has ever issued to defendant to appear and make defense to the allegations of said Count 1. The motion was sustained, and this ruling is one of the grounds relied upon by the State as illegal in this certiorari proceeding.

*1. INTOXICATING LIQUORS: injunction: information for violation: multifariousness.*

Count 2 of said amended information alleges, in substance, that, by way of further cause of action against said defendant Bailie, he is also guilty of contempt of court for the violation of an injunction against him rendered May 2, 1904, in case No. 5965, and the information charges: That the defendant has at divers times, in the county and state aforesaid, kept for sale, solicited sales and sold intoxicating liquors in violation of law and the express provisions of said decree, and has during the past two years ordered intoxicating liquors for others, which were delivered on such orders to persons so ordering the same, and collected pay therefor, and has sold within said time intoxicating liquor to Lonnie Pace, A. O. Robinson, Ord Clary and Lloyd Conder in Taylor County, Iowa, and has also kept and had shipped to him intoxicating liquors, with intent to sell the same in violation of said order of court and the law of the state of Iowa. The information continues and sets up the same acts and in the same manner as heretofore set out in Count 1 of the amended information, and as a violation of the decree of injunction in case No. 5965 rendered May 2, 1904, and further alleges that defendant Bailie, at the times of the commission of the acts complained of in the second count of the amended informa-

tion, had personal knowledge that the injunctional decree mentioned in this count had been granted and made of record, and had full knowledge of the provisions and contents of said decree and knew that said decree restrained and prohibited him from the commission of said acts complained of in this count.

The decree in case No. 5965 provides, among other things: That the defendant, Frank W. Bailie, and another defendant, be, and they are hereby, expressly forever enjoined from erecting, establishing, continuing, and using a building or place for the sale of intoxicating liquors, or keeping such liquors in any building or place with intent to sell or give away the same in violation of law, or from selling or giving away any intoxicating liquor, jointly or severally, by themselves, their clerks, servants or employees, contrary to law, and this injunction is hereby made effective and operative throughout the third judicial district of Iowa. As before stated, notice was served of the filing of such amended information, which contained the two counts before set out.

To the second count last above referred to, the defendant in the contempt proceeding, Bailie, demurred, after the ruling of the court on his motion to strike Count 1 thereof, on the following grounds: That said amended information, as it now stands, does not state a cause of action against the defendant, because it does not charge that he did any of the acts therein set out as a violation of the decree therein referred to at any place within the third judicial district of Iowa; that such amended information, as it now stands, shows on its face that defendant is not guilty of the offense therein charged, for the reason that a decree of injunction cannot issue against a person for violation of the liquor statute independent of the place where such violation occurs; that it does not state that the defendant kept or sold liquor in the place enjoined in said decree, in any place within the third judicial district of Iowa, as required by law; that, at the time said decree of injunc-

tion was issued, the court had no authority to enjoin the selling or keeping for sale of intoxicating liquors, except at the place described in the petition in such cause, or at some other place within the third judicial district of Iowa. The demurrer was sustained, and plaintiff elected to stand upon its pleading.

1. It was perhaps unnecessary for the State to set up and rely upon the two decrees of injunction. If either was good and the provisions broad enough to cover the acts charged against the defendant in the information herein, he would be guilty of contempt for the violation of such one. We shall refer more in detail to the provisions of the two decrees later in the opinion. We may say now, however, that the first decree is broader than the second. The acts charged as having been committed by the defendant and alleged to be a violation of the injunctions are the same acts in each case. Of course, the defendant could not be punished twice for the same act under the two injunction decrees, and he would be guilty if such acts should constitute a violation of either decree. One decree being broader than the other in its provisions, the defendant might be guilty of violating one only if the other was not broad enough to cover the acts charged. It is true that one decree was rendered in 1900 and the other in 1904, and doubtless a nuisance maintained by him in different places and at different times; but this is not material, because the gist of the matter is that, by each and both decrees, he is enjoined from selling or being concerned in the sale or keeping for sale of intoxicating liquors. The point that we are now considering has been decided in *Dickinson v. Eichorn*, 78 Iowa 710. In that case, an injunction had at a prior date been rendered, restraining the defendant from maintaining a nuisance, and it was sought to obtain another like injunction against the same defendant. The court, at page 712, said:

2. INTOXICATING LIQUORS: injunction: contempt: duplicate decrees: effect.

"Counsel for appellant appear to be of opinion that the action may be maintained because the time alleged in the peti-

tion during which the nuisance was maintained is not the same as in the first action. The rule invoked has no application in an action like this. If, in an action to recover damages for a nuisance, the plaintiff recovers a judgment, and that defendant continues to maintain the nuisance, successive actions may be maintained; but it is apparent that in this class of actions one valid injunction is as effective as a thousand would be.''

In the second injunction case against the defendant Bailie, had he interposed a plea in abatement, doubtless the second injunction would not have been granted, but the decree recites that it was rendered upon default. Under the authority just cited, if the provisions of the two decrees in the instant case were the same, then, we think, so far as this case is concerned, they should be treated as one decree.

It will appear later in the opinion that the provisions of the first decree are broader than the second. If either decree covered acts made subject to injunction by the legislature at a date later than the entry of the decrees, a situation might arise where, the first decree being broader than the other, the State would have a right to rely upon either decree. The court having sustained the motion to strike Count 1 of the information, if it should be determined later and on the trial that the other decree was for any reason void, or not sufficient to cover the acts charged, there would be nothing that could be done except to dismiss the entire case. We think, therefore, that the trial court erred in sustaining the motion to strike the first count of the amended information on the grounds relied upon in the motion. But the question is not very material in this case, except as a matter of practice, unless the decree referred to in the first count of the amended information prohibits bootlegging and the other acts charged under statutes, some of which were enacted after the decrees were entered.

2. It does not appear from the ruling of the trial court whether the motion to strike Count 1 was under the first or

second ground of the motion. We have already referred to the first ground. The second ground is that no citation had been issued to defendant below to appear and make defense to the allegations of Count 1 of the amended information. As before stated, the defendant below had been served with the precept, brought into court, and given bond under the original information. Count 1 of the amended information simply made the first information more specific. It was the same action, and, we think, was germane to the original information. There was no new action. It is not like the cases where an amendment to a petition setting out a new cause of action is filed, and the question arises whether the new cause of action is barred by the statute of limitations.

3. INTOXICATING LIQUORS: injunction: contempt: amending information: new citation.

Furthermore, said defendant appeared to the amended information and filed a motion to strike the first count, and a demurrer to the second count. Notice of such amendment was served on the attorneys for defendant in the contempt case. The foundation of the proceeding is the information. When once in court, defendant cannot be heard to question its jurisdiction because of irregularity in the issuance of the precept, if the information be sufficient in form and substance and duly verified. The proceedings are commenced by filing with the clerk of the court information under oath, setting out the facts constituting such violation. Section 2407, Code, 1897; *Haaren v. Mould,* 144 Iowa 296, 299; *State v. Thompson,* 130 Iowa 227, 228.

4. INTOXICATING LIQUORS: injunction: contempt: appearance: effect.

3. The last decree was rendered May 2, 1904. The first change in the law defining a bootlegger and making the injunction law applicable to such person is found at Section 2461-a and 2461-c, Code Supplement, 1913, and was enacted by the Thirtieth General Assembly, and took effect July 4, 1904. This act is additional to and a part of Chapter 6, Title XII. of the Code, relating to intoxicating

5. INTOXICATING LIQUORS: injunction: contempt: violation of subsequent enactments.

liquors. This section was further amended by the Thirty-sixth General Assembly. See Supplemental Supplement, 1915, Section 2461-a. The different acts of selling and keeping for sale intoxicating liquors under Section 2382, though illegal, were not subject to the remedy by injunction, unless the acts therein prohibited were carried on in a building or other place. In that case, they were made nuisances by Section 2384 of the Code.

The vital question in the case is, then, as to whether sales of liquor by the defendant in person, or the keeping for sale of such liquor at places other than in a building, erection or place, or by selling and taking orders for liquors and the like, which would be, at the time of the rendition of the decrees, violations of the statute, and for which, under the law as it now exists, an injunction would lie, constitute a violation of the decree or either of the decrees set out herein, the decrees having been entered before the change in the law, but the acts charged having been committed after the change in the law.

It is the contention of the State, as we understand it, that such acts would be a violation of the first decree at least, because, under its terms, the defendant Bailie was enjoined from making any unlawful sales of liquor, whether in a building or not. The argument is that, even though this decree was broader than the law would justify at the time it was entered, it was simply erroneous. The State contends, also, that such transactions as charged in the amended information would be a violation of the decrees, because the later acts of the general assembly are made a part of the law as it stood at the time the decrees were rendered. As to the first point, the district court undoubtedly had jurisdiction to render a decree enjoining defendant below from the unlawful traffic in liquors in a building or place—that is, to enjoin a nuisance—and the court did so enjoin him; but the decree goes further, and provides that the defendant Bailie and the other defendants named in the decree are enjoined from maintaining a building or place for the unlawful traffic in liquor, and "said

defendants are further expressly forever enjoined from selling or giving away, in violation of law, any intoxicating liquors, by themselves, their clerks, agents and servants, and they are further expressly enjoined from keeping liquor with intent to sell the same contrary to law, and this injunction is hereby made operative throughout the third judicial district of Iowa, and the said defendants are expressly and forever enjoined from in any manner violating any of the provisions and prohibitions of Chapter 6, Title XII, of the Code of Iowa.''

We deem it unnecessary to discuss the question and the cases cited by plaintiff as to whether the decrees, or either of them, if erroneous, should be corrected on appeal or by an application to modify, and the contention that

6. INTOXICATING LIQUORS: injunction: permissible scope.

the question may not be tested now in a proceeding for contempt. We are of opinion that the decrees are not erroneous, and that even the broader one is in harmony with the statutes, and that the acts charged are a violation thereof. The language in the first decree at least was broad enough to cover transactions such as are charged in the amended information. The situation which brought the injunction proceeding into play was the keeping of a place for the unlawful business. The statute, Section 2405, Code, 1897, particularly the latter part, provides:

''When an injunction has been granted, it shall be binding on the defendant throughout the judicial district in which it was issued, and any violation of the provisions of this chapter by manufacturing, selling or keeping for sale of intoxicating liquors anywhere in said district shall be punished as a contempt, as provided in this chapter.''

Under Code Section 2382, a sale of liquor, or being concerned therein, even though not in a place, was a violation of Title XII, Chapter 6, and, even without the recent amendments in regard to bootlegging, would, under Code Section 2405, be a violation of that chapter and punishable as a con-

tempt. While, at the time these decrees were rendered, an injunction action would not, as now, lie, yet when equity did fasten its hands on a defendant who was guilty of maintaining a nuisance, if he then, after such a decree was rendered, violated any of the provisions of the chapter, he could be punished as for contempt. The bootlegging and other recent statutes before referred to are made a part of the chapter in which Section 2405 is contained. The act charged against the defendant was committed by him after the change in the statute. It is not a question of the statute's referring to an act committed before the statute was amended. We have before held that the effect of an injunction may be expanded or enlarged by a statute thereafter enacted, or at least enacted pending such proceedings. See *McGlasson v. Johnson*, 86 Iowa 477, where the court said, in answer to the contention there made that the law was retroactive:

"The fallacy of the position is in the assumption that 'an injunction is a quasi punishment for an act done.' The office of an injunction is to restrain or prevent the act for which the punishment might be imposed. The punishment of which plaintiff complains was not for an act done before the injunction suit was commenced against him, or before the act in question was passed, but for an act committed long after both of such events. The injunction, read in the light of the law, commanded him to refrain from maintaining such a nuisance in the sixth judicial district. After the command issued he violated it. The punishment was for that violation. The act is not invalid because retroactive."

So here, one of the injunction decrees rendered provides that the defendant Bailie is enjoined from being concerned in the liquor business contrary to law, and the injunction is made operative throughout the judicial district, and he was expressly and forever enjoined from in any manner violating any of the provisions and prohibitions of Chapter 6, Title XII, of the Code of Iowa. The bootlegging and other subsequent acts

referred to were enacted after the decrees were entered, but such new acts are made a part of Chapter 6, Title XII.

It follows, then, that the trial court erred in striking out the first count of the amended information and in sustaining the demurrer to the second count, and that, therefore, the case ought to be reversed.

The writ of certiorari is sustained, and the order and judgments of the district court in striking out Count 1 and in sustaining the demurrer to Count 2 are annulled, and the cause is reversed and remanded for further proceedings in harmony with law and this opinion.—*Reversed and Remanded.*

EVANS, C. J., DEEMER, LADD, WEAVER, GAYNOR and SALINGER, JJ., concur.