C. N. McMILLAN, Appellant, v. MEYER TARASHANSKY et al., Appellees.

**INTOXICATING LIQUORS:** Presumption Justifying Injunction The statutory presumption of illegality which arises because of the possession of intoxicating liquors by one not authorized to sell, is sufficient, unless rebutted, to demand the entry of a decree of injunction.

*Appeal from Woodbury District Court.*—George Jepson, Judge.

NOVEMBER 16, 1918.

ACTION in equity to enjoin an alleged liquor nuisance. The petition was dismissed at plaintiff's cost, and he appeals.—*Reversed and remanded.*

*John F. Joseph,* for appellant.

No appearance for appellees.

WEAVER, J.—The plaintiff brought this action in equity, alleging that he is a citizen of Woodbury County, Iowa; that, at the date of filing his petition, the defendants had been and were engaged in transporting and carrying about on their persons and in vehicles, in and about the streets, alleys, and other places in Sioux City and Woodbury County, certain intoxicating liquors, with intent to dispose of the same in violation of law; and that, unless restrained therefrom by the order of the court, they would continue to carry on such unlawful business. Wherefore, plaintiff prayed that a temporary injunction issue, restraining the defendants and each of them from continuing said business; and that, upon final hearing, the temporary injunction be confirmed and made permanent. An original notice was served upon the defendants that the application for an injunction would come on for hearing before the court on a day named. To this proceeding the defendants appeared by counsel, and answered, denying the petition. The issues coming on for trial to the court, the plaintiff called to the witness stand certain police officers, who testified that, on April 20, 1917, being a few days prior to the filing of the petition herein, they arrested the defendants on Military Road in Sioux City; that, at the time of the arrest, the defendants were together riding in an automobile owned by Tarashansky, and had in their possession 124 bottles of beer

and a gallon of whisky. No testimony was offered by or for the defendants in explanation of their possession of the liquors, or of the purpose for which they were being transported. Having heard the testimony, the court held that a sufficient showing for the granting of an injunction had not been made, and that the suit had been begun without reasonable cause. The petition was, therefore, dismissed, and the costs of the case were taxed to the plaintiff.

The statute provides that:

"Any person who shall, by himself, or his employee, servant or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquor as herein defined, with intent to sell or dispose of the same by gift or otherwise, or who shall within this state, in any manner, directly or indirectly, solicit, take, or accept any order for the sale, shipment, or delivery of intoxicating liquor, in violation of law, shall be termed a bootlegger, and shall be guilty of a misdemeanor." Code Supplemental Supplement, 1915, Section 2461-a.

"Every such bootlegger may be restrained by injunction from doing or continuing to do any of the acts prohibited by law, and all the proceedings for injunctions, temporary and permanent, and for fines and costs for violation of same, as defined by law, shall be applicable to such person, company or corporation, and the fact that an offender has no known or permanent place of business or base of supplies, or quits the business after the commencement of an action shall not prevent a temporary or permanent injunction, as the case may be, from issuing." Code Supplement, 1913, Section 2461-b.

There is also the further pertinent statute that the finding of intoxicating liquor in the possession of one not legally authorized to sell the same, except in a private dwelling house, or the finding of such liquor in unusual quantities in

a private dwelling, is presumptive evidence that such liquor is being kept for illegal sale. Code Section 2427. The effect of these provisions is to cast upon the person having such possession the burden of rebutting the statutory presumption, and of showing that the holding and keeping are for a lawful purpose. *Sommer v. Cate,* 22 Iowa 585; *Walker v. Shook,* 49 Iowa 264; *State v. Intoxicating Liquors,* 109 Iowa 145; *Shidler v. Keenan Bros.,* 167 Iowa 70; *Shideler v. Naughton,* 163 Iowa 616. In view of the undisputed facts and the explicit provisions of the statute, which we have no authority to override or ignore, we must hold that the case made by plaintiff establishes his right to the relief asked, beyond a reasonable doubt.

The judgment and order entered by the trial court are reversed, and the cause remanded for further proceedings not inconsistent with this opinion. The costs will be taxed to the appellees, together with a fee of $30 for plaintiff's attorney for services in this court.—*Reversed and remanded.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.