STATE OF IOWA ex rel. VERNON R. SEEBURGER, County Attorney, Appellee, v. FRANK ALIBER, Appellant.

INTOXICATING LIQUORS: Nuisance—Evidence—Insufficiency. The
1 maintenance of an intoxicating liquor nuisance at a certain place is not shown by evidence that the accused drove his conveyance containing the liquor up to, and stopped along the side of, the building in question, with the unexecuted intent of making an unlawful delivery of liquors at said place.

INTOXICATING LIQUORS: Bootlegging—Injunction. Though the
2 evidence fails to establish the keeping of a nuisance, yet the defendant is properly enjoined from trafficking in intoxicating liquors if the evidence shows that he is a bootlegger.

INTOXICATING LIQUORS: Mulct Tax—Non-basis for Taxation.
3 Failure to establish the alleged nuisance removes the basis for a mulct tax.

Headnote 1: 33 C. J. pp. 693 (Anno.), 698. Headnote 2: 33 C. J. pp. 693 (Anno.), 700 (Anno.) Headnote 3: 33 C. J. p. 700 (Anno.)

Headnote 2: 15 R. C. L. 407.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

JULY 1, 1927.

Action to enjoin a liquor nuisance. The defendant appeals.—*Affirmed in part; reversed in part.*

*Dunshee & Brody*, for appellant.

*Vernon R. Seeburger, Carl S. Missildine*, County Attorney, and *Alexander M. Miller*, Assistant County Attorney, for appellee.

VERMILION, J.—The petition charged that the defendant had "established and is operating, keeping, conducting, and maintaining a nuisance in a building or place" in Polk County,
1. INTOXICATING LIQUORS: nuisance: evidence: insufficiency.    "by manufacturing, selling, dispensing, trafficking in, and keeping for sale, or with intent to sell or dispense, intoxicating liquor in viola-

tion of law." No building or place was more particularly described. The evidence showed, without dispute, that the defendant in an automobile drove into the driveway at the residence of one Rockwell, in Des Moines; that he left the car and went to the house; that he returned to the car, and officers then found in the car three gallons of wine. The defendant admitted that he had procured the wine at the request of Rockwell, and had it in the car with intent to deliver it at Rockwell's residence. The wine was not delivered, and was not taken out of the car at the Rockwell place.

The trial court enjoined the defendant from continuing or maintaining a nuisance at a place designated by street and number in the city of Des Moines, and from trafficking in intoxicating liquor within the state, and rendered judgment against the defendant for $600 mulct tax.

The appellant challenges (1) the injunction against the alleged nuisance, (2) the injunction against him personally, and (3) the judgment for the mulct tax.

I. By Section 1929, Code of 1924, the building, erection, or place, or the ground itself, in or upon which the unlawful manufacture, sale, or keeping for sale of intoxicating liquor is carried on or continued or exists, is declared a nuisance. Section 2017 provides for an action in equity, to enjoin the continuance of such a nuisance.

Passing any question whether the petition described any building or place with sufficient particularity to permit of its being enjoined as a nuisance, we are clearly of the opinion that the evidence did not warrant a finding that the defendant maintained a nuisance on the Rockwell premises,—which, we understand, was the place described in the decree.

The appellant carried the liquor in the car for the purpose of delivering it there. If it should be conceded that, had the liquor been delivered on the premises, a nuisance would have been created, there was no nuisance shown, for there was no delivery. The purpose to make a delivery was not carried out. It appears that the car containing the liquor was stopped on the driveway of the premises while the appellant went to the house and returned to the car, and that he had backed the car out when it was searched by the officers. But we are by no means prepared to say that the mere presence of the liquor in

the car on the premises, under such circumstances, constituted the maintaining of the premises by the defendant as a nuisance. Not every place where a vehicle carrying intoxicating liquor may stop in its travels becomes, by that act alone, a nuisance. Nor did that fact, coupled with an unexecuted purpose to deliver the liquor on the premises, create a nuisance. The statute contemplates some use by the defendant of the place for the prohibited purpose, or the doing of some prohibited act on the premises. Sections 1929 and 1930; *Hathaway v. Benton,* 172 Iowa 299; *State v. Elliott,* 198 Iowa 71; *State v. Johnson,* 200 Iowa 324.

II. By Section 1927 a bootlegger is defined as any person who shall keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating

2. INTOXICATING LIQUORS: bootlegging: injunction.

liquor, with intent to sell or dispose of the same by gift or otherwise; and by Section 2031 it is provided that a bootlegger, as so defined, may be restrained by injunction from doing or continuing to do any of the acts prohibited by law.

Appellant admits in argument that he offended against the bootlegging statute, and that an injunction against him as a bootlegger would be proper, but contends that the petition did not allege facts showing a violation of that statute, nor ask for such relief.

The petition not only alleged the keeping of a nuisance, but alleged that it was maintained by the keeping by the defendant of intoxicating liquor with intent to sell or dispense the same in violation of law. The prayer was that the alleged nuisance be enjoined, and that the defendant be enjoined from keeping with intent to sell or dispense intoxicating liquor at any place in the state. The evidence did not establish the keeping of a nuisance, but it did establish that the appellant kept and carried around in a vehicle intoxicating liquor unlawfully. Although not entitled, under the evidence, to all the relief asked, the plaintiff was entitled to all the relief which the allegations of the petition and the evidence warranted.

Section 2031 expressly authorizes an injunction against a bootlegger, and provides that ''the fact that an offender has no known or permanent place of business or base of supplies

\* \* \* shall not prevent" an injunction from issuing. *McMillan v. Tarashansky,* 184 Iowa 966.

The court properly enjoined the appellant from engaging in the unlawful traffic in intoxicating liquor.

III.  It is only when a permanent injunction issues, enjoining the maintenance of a nuisance, that a mulct tax may

3. INTOXICATING LIQUORS: mulct tax: non-basis for taxation.

be imposed. Section 2051, Code of 1924. Since, as we hold, the maintenance of a nuisance by the defendant was not established, there remains no basis for the tax.

The decree is reversed, in so far as it enjoins the maintenance of a nuisance and imposes a mulct tax, and otherwise it is affirmed. The costs on appeal will be equally divided.— *Affirmed in part; reversed in part.*

All the justices concur.