THE STATE OF IOWA, Appellant, v. JOHN HERSELUS, Appellee.

Intoxicating Liquors: NUISANCE: SERVING LIQUORS FOR ACCOMMODATION. One who upon request of the keeper of a saloon, but without compensation, and merely as an accommodation, serves intoxicating liquors to customers, is guilty of the crime of nuisance under the provisions of sections 1542 and 1543 of the Code, providing that any person who is "concerned" in owning or keeping intoxicating liquors with intent to sell the same contrary to law, or who shall "use" the premises where the same are kept for that purpose, shall be deemed guilty of nuisance.

*Appeal from Jasper District Court.—*HON. A. R. DEWEY, Judge.

MONDAY, OCTOBER 10, 1892.

THE defendant was indicted under section 1543 of the Code for the crime of nuisance. The case was tried to a jury, and upon the conclusion of the evidence for both parties, the court, upon its own motion, instructed the jury to find the defendant not guilty, which was done, and judgment entered discharging the defendant. The state appeals.—*Reversed.*

*W. G. Clements,* for the State.

No appearance for appellee.

GIVEN, J.—By the testimony of several witnesses, it was shown, without contradiction, that within the time and in the county named in the indictment, the defendant did, on different occasions, sell beer and whisky over the counter of a certain saloon, and received pay for the goods sold. The defendant in his testimony admits that he did, on several occasions, sell intoxicating liquors in that saloon. His testimony

shows that Gus Anderson and Andy Pierson kept the saloon for three or four months; that the defendant was engaged in the business of coal mining; that he resided near the saloon, and frequently, when not engaged at his work, helped about the saloon in bringing water, and, as he says, pulling corks and dishing out beer into the glasses. He states that he "handed out beer for Gus Anderson when he was in the saloon;" that he did so at the request of Anderson, "as an accommodation to him, probably more than half a dozen times." The defendant further states "that he never paid me nor gave me any consideration. I never asked him for any. I did it just as an accommodation." He also states: "I was in no way interested in the saloon while it was running. I did not own the ground or pay rent on the building, or have any share in the profits of the saloon. I did not get any compensation. They did not pay me anything for my work."

The instruction ordering a verdict of not guilty must have been upon the theory that, as the defendant was in no way interested in the saloon, did not own the ground, have any share in the profits, nor receive any compensation for his services, he was not guilty under the law. This, we think, is a mistaken view of our statute. Section 1542 of the Code provides that "no person shall own or keep, or be in any way concerned, engaged or employed in owning or keeping, any intoxicating liquors with intent to sell the same in this state, or to permit the same to be sold therein, in violation of the provisions hereof; and any person who shall so own or keep, or be concerned, engaged, or employed in owning or keeping, such liquor, with any such intent, shall be deemed, for the first offense, guilty of a misdemeanor." Section 1543 provides that in case of a violation of the preceding section (and certain other sections named), the place is declared a nuisance;

"and whoever shall erect, or establish, or continue, or use any building, erection, or place for any of the purposes prohibited in said section, shall be deemed guilty of a nuisance."

By this section the place where section 1542 was violated is declared a nuisance, but it is only he who has erected, established, continued, or used the place for the purposes prohibited that shall be deemed guilty of nuisance. Now, clearly, this defendant did not erect, continue or establish that place for the purpose prohibited, but as clearly he did use it for that purpose. The purpose prohibited is keeping for sale or selling intoxicating liquors in violation of the law of the state; the defendant was concerned, engaged, and employed in keeping the liquors in that place for that purpose, and therefore was using the place for a purpose prohibited by said preceding section. We think the evidence shows the defendant guilty as charged, and that the court erred in ordering a verdict of not guilty. REVERSED.