6930

## STATE v. ARNOLD.

1. LIQUORS—DISPENSARY LAWS.—Under sec. 27 of 25 Stat., 463, it is unlawful to transport liquor for unlawful use from place to place in a county where its manufacture and sale are prohibited.

2. IBID.—From evidence here of buying liquor under an assumed name, of paying a messenger for carrying it to appellant from carrier with liquor, and putting the jug in his smokehouse, jury may infer transportation for unlawful purpose.

3. CHARGE—VERDICT.—Comment by Judge on facts in giving his reasons for refusing motion to direct a verdict, is not a charge on facts within constitutional inhibition, where there is no abuse of discretion, and jury are distinctly instructed not to be influenced by the statement. Practice in such cases suggested.

Before WATTS, J., Greenwood, February, 1907. Affirmed.

Indictment against Henry Arnold for unlawful transportation of liquors. From sentence on verdict of guilty, defendant appeals.

*Mr. D. H. Magill,* for appellant, cites: *The indictment should allege place to which the transportation is made:* 11 Ency. P. & P., 572; 1 Rich., 179; 3 McC., 442; 1 Bail., 144; 2 Hill., 459; 1 McM., 488; 17 S. C., 473; 19 S. C., 140; 28 S. C., 16; 2 Brev., 262. *Under dispensary law it is only unlawful to transport into a dry county:* 63 S. C., 460; 19 S. C., 140. *Finding facts should be left to jury:* 31 S. C., 238; 30 S. C., 93; 47 S. C., 488. *Correction of error in giving jury opinion on facts is not cured by caution afterward:* 15 S. C., 393; 11 P. & P., 368; 2 P. &. P., 724; 11 P. & P,. 114.

*Solicitor R. A. Cooper,* contra. Oral argument.

June 27, 1908. The opinion of the Court was delivered by

384     STATE *v.* ARNOLD. ·

MR. JUSTICE JONES.   The defendand was convicted and sentenced at the Court of General Sessions for Greenwood County for violating section 27 of the dispensary act, approved February 16, 1907, 25 Stat., 463.

The indictment charged: "That Henry Arnold, late of the county and State aforesaid, on the second day of March, 1907, with force and arms, at Greenwood, in the county and State aforesaid, did wilfully and unlawfully carry and transport from place to place in Greenwood county, in said State, where the manufacture and sale of liquor is prohibited, certain alcoholic liquors intended for unlawful use and contraband, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The defendant moved to quash the indictment on the ground that it failed to charge any offense; that the said section of the dispensary act does not make it an offense to transport liquor for unlawful use from place to place within a county, but only forbids such transportation from without to a place within a county where the manufacture and sale of alcoholic liquors is prohibited; that the indictment did not follow the statute and did not allege any place or county to which the defendant carried said liquor.   The refusal to quash the indictment is made a ground of exception.   We think there was no error.

Section 27 provides: "* * * any person who shall carry or transport alcoholic liquors or beverages for unlawful use to any place or county where the manufacture and sale of alcoholic liquors is prohibited, shall be deemed guilty of a misdemeanor," etc.

The construction contended for by appellant strikes the word "place" out of the statute or makes it synonymous with the word "county," which in our view, is not the proper construction.   While "county" means the entire territory included by the county lines, "place" means any spot within the county at which it would be unlawful to manufacture or sell liquors.   Had the statute merely read "to any county where manufacture or sale of alcoholic liquors is pro-

hibited," etc., it might be contended that it referred to transportation from without into a county where it was unlawful to manufacture or sell liquor, thus limiting the application of the statute to that transportation only, which was from without and into a dry county. Doubtless, to prevent such a narrow range of the statute, the Legislature inserted the word "place" so as to make it unlawful to transport liquors for an unlawful purpose to any spot or place where the manufacture or sale of liquors is prohibited. In a county having no dispensary or place for lawful manufacture of liquors, it is unlawful to sell or manufacture liquors at any place or spot within its territory, and in a county having a dispensary or lawful liquor manufacturing establishment, it is unlawful to sell or manufacture at any other spot or place within such county than that designated by law.

The design of the statute was to prevent the unlawful sale or use of intoxicating liquors throughout the State, and as a means of accomplishing this design the transportation of such liquors for unlawful use is prohibited. Hence a transportation of alcoholic liquors for an unlawful purpose to any spot in the State where such liquors may not be lawfully manufactured or sold is within the prohibition of the statute.

The foregoing views practically overrule exceptions to the instructions given to the jury and the refusal of certain requests to charge.

Appellant further contends that the Court erred in overruling his motion to direct a verdict, made upon the ground that there was a total failure of proof of any transportation for unlawful use. The motion was properly overruled. We have shown that it was not essential to show a transportation from without into the County of Greenwood. We take notice of the fact that it is unlawful to manufacture or sell intoxicating liquors anywhere within Greenwood county. The record shows that there was testimony to the effect that the defendant, about March 2, 1908, had shipped to Coronaca to himself, under the name of "Sam Jones," a jug containing two gallons of whiskey;

that he gave the bill of lading to his brother-in-law, Phil Rogers, and promised to pay one dollar to have it brought from Coronaca to him at Greenwood; that Phil Rogers gave the bill of lading to Maxwell Bullock and defendant promised to give him one dollar to go after the liquor; that Rogers and Bullock went together after the liquor and brought it to Henry Hampton's, about two miles from the town of Greenwood, where the defendant received it and carried it to his home at Greenwood and placed it in his smokehouse, where an officer seized it under a search warrant; that the defendant gave to Bullock one quart of the whiskey in lieu of the dollar in payment of his service in bringing it from Coronaca. The defendant offered no testimony. We think it was the province of the jury to determine whether the circumstances indicated that there was a transportation for an unlawful purpose.

The foregoing conclusions also require us to overrule the exception to the refusal of the motion for a new trial on the ground that there was a failure of evidence to show a transportation forbidden by statute.

In refusing the defendant's motion to direct a verdict, Judge Watts made some reference to the testimony as to defendant's giving Bullock one quart of whiskey in lieu of the one dollar promised, as a circumstance to be considered by the jury to show an unlawful use. In his argument the solicitor referred to the Judge's remarks and defendant's counsel objected, whereupon Judge Watts instructed the jury, in substance, that they were to take nothing from him but the law, that he had nothing to do with the facts, that the jury were the sole judges of the facts, that in refusing defendant's motion he had to give his reason for it.

The appellant excepts that the Court thereby invaded the province of the jury by conveying to them his views of the testimony. The exception is not well taken. Every refusal of a motion to direct a verdict necessarily involves the opinion of the Court that there is testimony in the case which

should be submitted to the jury. The mover can not complain because he himself invoked the opinion of the Court. As a rule of caution, it would perhaps be better for the Court merely to refuse the motion and avoid reference to particular testimony, but we are unwilling to declare it as a rule of law that it is reversible error for the Court to give its reasons for refusing a motion to direct a verdict, even though in doing so reference is made to particular testimony as a circumstance for the consideration of the jury.

The Constitution, which forbids the Judge to charge the jury in respect to matters of fact, was not violated in this case. Possibly a case might arise in which a Judge might so far abuse his privilege to give his reasons for refusing such a motion by using language which would be reasonably calculated to impress upon the jury his opinion as to what are the facts of the case, or as to the force or sufficiency of the testimony, but such a case is not now before us. It seems to us that when objection was made to the solicitor's comment on the remarks of the Judge, every reasonable precaution was taken by the Court to prevent the jury from being influenced thereby in their finding of fact.

The judgment of the Circuit Court is affirmed.