7353

GRANT v. SOUTHERN RY.

1. CARRIER—PASSENGER—BAGGAGE—WILFULNESS.—Under the evidence in this case, the issue of wilfulness in servants of carrier in handling a trunk, in a narrow way through which passenger was to go, so as to fall on her, held to have been properly sent to the jury.

2. IBID.—IBID.—NEGLIGENCE.—Nor does the evidence show the injury was due solely to the negligence of the passenger.

3. CHARGE.—In refusing motion for nonsuit for punitive damages, statement by the Court, "I will not give my reasons in presence of the jury," is not an intimation on his part that there was evidence warranting a verdict for punitive damages.

Before DeVore, J.,. Anderson, October term, 1908. Affirmed.

"Action by Ladema Grant, by guardian *ad litem,* against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. Bonham, Watkins & Allen,* for appellant, cite: *No evidence of wilfulness:* 80 S. C., 546; 81 S. C., 100; 79 S. C., 164; 81 S. C., 24. *Injury was due solely to negligence of plaintiff:* 81 S. C., 111; 58 S. C., 495; 77 S. C., 344. *Request to charge correct proposition, to which there was evidence applicable, is error:* 65 S. C., 539; 41 S. C., 544; 80 S. C., 376.

*Messrs. E. M. Rucker* and *Martin & Earle,* contra.

November 1, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff, a girl under fourteen years old, brought this action, by guardian *ad litem,* to recover damages for personal injuries alleged to have resulted from the negligence and recklessness of defendant's employee in throwing a trunk against her foot and leg while a passenger, crossing from the train of defendant company to that of the Blue Ridge, at Belton, S. C., on August 12, 1908. The judgment was for plaintiff for three hundred dollars.

A motion for nonsuit, and afterwards for a new trial, was made on the ground that there was no evidence of wilful disregard of duty by defendant, and such question should not have been submitted to the jury.

The exceptions to the ruling of the Court cannot be sustained. The testimony in behalf of plaintiff tended to show that the angle between the Southern and Blue Ridge lines, at Belton, S. C., was crowded with passengers on account of the veterans' reunion and a negro association, and that in making the transfer for Anderson, S. C., it became necessary for plaintiff, who was accompanied by her father, with a little child in his arms, her mother and another relative, to go within the narrow space between the Southern train and the baggage room, and that while passing along at that point, close to the depot, a trunk was

thrown out of the baggage car of defendant's train to the ground, and was whirled over by an employee in such way that it fell against plaintiff's leg and upon her foot, knocking her down, bruising her leg and foot, and so mashing the big toe of her foot as to cause it to grow so out of line as to be overlapped by other toes.

According to the testimony for the defense none of the defendant's employees saw or had any recollection of the occurrence.

We cannot say the testimony shows conclusively that, if the injury happened as stated, it was the result of mere inadvertence and not the result of a reckless disregard for the safety of passengers under circumstances calling for special care not to injure them while handling baggage.

Nor, in view of the testimony, can we say there was error in refusing motion for a new trial on the ground that, if the injury occurred, it was due solely to the negligence of plaintiff.

It is contended that the Court erred when refusing the motion for nonsuit, as to punitive damages, in saying: "I will not give my reasons in the presence of the jury;" thereby intimating to the jury that there was evidence warranting a verdict for punitive damages. As shown in *State* v. *Arnold,* 80 S. C., 393, 61 S. E., 891, every refusal of a motion for nonsuit, or to direct a verdict, necesarily involves the opinion of the Court that there is testimony in the case which should be submitted to the jury, and that the mover cannot complain because he himself invoked the opinion of the Court. The Court might have stated his reasons for refusing the motion without committing reversible error. In refraining from doing so he was very considerate of appellant.

It is further contended that the Court erred in instructing the jury that in estimating damages they could take into consideration future incapacity in consequence of the injury, because there was no evidence of future incapacity.

There was testimony that before the injury the great toe of plaintiff's foot was straight, and that as a result of the injury it grew under the other toe, which tended to show permanent injury. There was conflicting testimony as to the extent of the injury, but that was for the jury.

The judgment of the Circuit Court is affirmed.