THE STATE OF KANSAS, *Appellee*, v. BONE DYKES, *Appellant.*

No. 16,839.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Injunction—Validity of the Judgment.* Under the statute authorizing an injunction against the maintenance of a place where intoxicating liquors are illegally sold a judgment enjoining a defendant from maintaining such a place anywhere in the county is not void, although the proceedings were based upon a petition charging him with having used for that purpose premises which were particularly described.

2. ——— *Maintenance of a Nuisance.* A finding that a defendant has been guilty of keeping a place where intoxicating liquors are sold is supported by evidence that he sold beer which he kept for that purpose in a barrel in an alley.

Appeal from Cloud district court. Opinion filed October 8, 1910. Affirmed.

*F. W. Sturges,* and *Fred W. Sturges, jr.,* for the appellant.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *A. L. Wilmoth,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: A civil action was brought against Bone Dykes charging him with maintaining upon a specified city lot a place where the prohibitory law was violated. A final judgment was rendered against him, not only enjoining him from the illegal use of the particular premises described, but also forbidding him to sell intoxicating liquors unlawfully anywhere in the county. He was subsequently arrested upon a charge of violating the injunction. Evidence was introduced tending to show that he had sold liquor within the county, but not at the place specifically described in the original

The State v. Dykes.

action against him.   He was adjudged guilty of contempt of court, and now appeals.   His contention is that in the injunction action the court had no jurisdiction to make any order except with respect to the particular premises therein referred to, and therefore that the portion of the decree which undertook to forbid sales elsewhere was a nullity and could be disobeyed with impunity.

Of course the fact that a court's order is erroneous does not justify its violation, if jurisdiction to make it existed.   (*In re Lewis,* 67 Kan. 340; 22 Cyc. 1019.) Even where the injunction granted is broader than the pleadings it must be respected while it stands.   (22 Cyc. 1010; *O'Brien v. The People,* 216 Ill. 354; *Vilter Mfg. Co. v. Humphrey,* 132 Wis. 587.)   If Dykes had been enjoined from conducting a "joint" anywhere in a specified building the claim would hardly be made that any part of the order was void merely because the petition narrowed the description to a single room.   So if the charge against him referred to a particular lot, and the judgment covered the entire block, there would obviously be no defect of jurisdiction.   The present situation is not essentially different from either of those suggested.   The forbidden territory was broadened so as to include the whole county.   However erroneous the judgment may have been, the defendant's remedy was to correct it by direct action.   So long as it stood unreversed and unmodified it was entitled to his obedience.

The language of the decree forbidding Dykes to sell liquor anywhere in the county should probably, in view of the context, be interpreted to refer only to sales so made as to constitute a violation of what is known as the "nuisance section" of the prohibitory law (Laws 1901, ch. 232, § 1, Gen. Stat. 1909, § 4387), which penalizes the keeping of a place where liquor is illegally sold.   There was evidence that Dykes sold beer which he kept in a barrel in an alley for that purpose.   This justified a finding that he was maintaining a nuisance

within the meaning of the law. The want of other "paraphernalia" did not prevent the spot occupied from being a "place" within the condemnation of the statute, nor did its location in an alley prevent his being its "keeper," so long as he used it for his own ends.

The judgment is affirmed.