10732

STATE v. TURNER *ET AL*

(109 S. E. 119)

1. HOMICIDE—ON FAILURE TO CONNECT ACCUSED WITH KILLING HIS CONDUCT AFTERWARD CANNOT CONVICT HIM.—In prosecution for murder on failure to connect the accused with the actual killing or to show that he was present, aiding and abetting, his conduct after the homicide cannot convict him.

2. CRIMINAL LAW—ACQUITTAL SHOULD BE DIRECTED WHERE EVIDENCE IS INSUFFICIENT.—Where, admitting as true every fact and circumstance relied on by the State without reference to whether it was competent or not, there was not sufficient evidence to warrant conviction. a verdict of not guilty should have been directed.

3. CRIMINAL LAW—STATEMENT OF ACCUSED, THROWING LIGHT ON SUBJECT OF TRIAL, IS COMPETENT AGAINST HIM.—Any statement made by any of defendants, even though he did not admit commission of the crime. is competent as against the party making it, if it throws any light on the subject being tried, and elucidates the subject-matter of the trial.

4.  CRIMINAL LAW—WHETHER A STATEMENT BY ACCUSED WAS VOLUN-
    TARY IS LARGELY WITHIN THE DISCRETION OF THE TRIAL JUDGE.—
    The question of whether a statement by the accused was voluntary
    is in a large manner within the discretion of the trial Judge.

5.  CRIMINAL LAW—EXPERT OPINION AS TO BALLISTICS ADMISSIBLE; RE-
    MARKS BY TRIAL JUDGE AS TO TESTIMONY HELD PREJUDICIAL.—Where
    a witness had qualified as an expert on ballistics, he was entitled to
    give his opinion and a remark of the trial Judge that, "I think the
    rapidity with which a projectile would fly through the air would
    depend on the force behind it, and if he knows how that pistol was
    charged, he can testify. I think he is talking through his hat"—was
    prejudicial as tending to discredit the evidence of the witness and
    invading the province of the jury.

Before PRINCE, J., Marion, October, 1920. Reversed
and new trial ordered.

Archie Turner, Mack Turner and Thomas E. Turner in-
dicted for murder. The first two named upon conviction
appeal.

*Messrs. W. B. Norton, A. F. Woods* and *W. F. Stack-
house,* for appellants, cite: *Duty of Solicitor in the intro-
duction of testimony:* 104 S. C., 353. *Mack Turner at
most was an accessory after the fact:* 73 S. C., 340.
*Where all facts proven may be true and still defendant may
be innocent, there should be no conviction:* 95 S. C., 389.
*Confession must be free and voluntary:* 27 S. C., 26; 36
S. C., 532; 74 S. C., 477; 99 S. C., 504. *Confession impli-
cating another admissible only as to party making it:* 36
S. C., 530; 48 S. C., 141; 49 S. C., 410; 109 S. C., 144.
*Offer to compromise a criminal action is some evidence of
guilt:* 86 S. C., 66. *Written confession should have ex-
cluded oral statements:* 13 S. C., 389. *Reference to tes-
timony in the charge was prejudicial:* 47 S. C., 488; 85
S. C., 277; 70 S. C., 79; 87 S. C., 193; 85 S. C., 283; 85
S. C., 56; 49 S. C., 413. *Charge as to effect of presence at
crime was prejudicial:* 77 S C., 119.

*Messrs. Bullard & Stringfield, L. M. Gasque, Solicitor,*
and *L. D. Lide,* for respondent. *Messrs. Gasque* and *Lide*

cite: *Question of sufficiency of testimony was for the jury*:
108 S. C., 356; 68 S. C., 53; 107 S. C., 139. *Statement by
defendant competent as to him*: 99 S. C. 504. *Reduction
of statement to writing had no effect on its competency*:
1 R. C. L., 572. *Rules relative to confessions have no
application to statements falling short of an admission of
guilt*: 18 L. R. A. (N. S.) 771; 36 S. C., 530. *Expert
testimony within discretion of the Judge*: 92 S. C., 329
*Remarks by Judge upon the admissibility of evidence do
not constitute reversible error*: 71 S. C. 142; 73 S. C.,
379; 108 S. C., 387. *Statement as to State relying on cir-
cumstantial evidence not charge on the facts*: 111 S. C.,
362. *Judge can limit the effect of testimony*: 88 S. C.,
204. *Charge as to accessory correct*: 107 S. C., 139.
*Jury correctly charged to base verdict on testimony they
believed to be true*: 90 S. C., 290. *To charge that a con-
fession must be received "with great caution" would have
been on the facts*: 52 S. C., 454.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The appellants were indicted along with Thomas Turner
for the murder of Edwin White, and tried before Judge
Prince and a jury. At the close of State's evidence a
motion was made for a directed verdict in favor of defend-
ants, and refused. At the close of all the evidence in the
case a similar motion was made and granted by his Honor
as to Thomas Turner, and refused as to Archie Turner
and Mack Turner; they were convicted by the jury of
murder with recommendation to mercy and sentenced:
thereupon they appeal.

We will consider the exceptions of Mack Turner, as
to the sufficiency of the evidence to sustain his
conviction. It must be borne in mind that Mack

Turner is convicted and was tried for the killing of Edward White, not that of accessory after the fact of the killing. A careful, diligent, and close investigation of the evidence warrants us in concluding that the evidence was not sufficient to support the verdict of guilty as to him. Neither the evidence nor the circumstances warrant his conviction; while the whole case raised a suspicion, and a grave one at that, it does not warrant a verdict of guilty. The State failed to connect him with the actual killing, or that he was present aiding and abetting at the time of the killing, or that he had anything to do with it at all, until after the killing occurred, and his conduct after the homicide cannot convict him of an offense that the State failed to prove. Admitting as true every fact and circumstance relied on by the State to be true, without reference to whether it was competent or not, there is not sufficient evidence to warrant the conviction of Mack Turner, and his Honor was in error in not directing a verdict of not guilty as to him.

There was sufficient evidence to go to the jury as to Archie Turner, and his Honor committed no error in submitting his case to the jury for their determination, and the exceptions alleging error on the part of his Honor in not directing a verdict of not guilty are overruled.

Exceptions 5, 6, 7, 8, 9, and 10 complain of error in admitting in evidence the oral and written satements of defendant designated as "confessions." The State did not offer them as confessions, but as declarations of the defendants.

Any statement made by any of the defendants, even 3, 4 though he did not admit the commission of the crime, is competent as against the party making it, if it throws any light on the subject being tried, and elucidates the subject-matter of the trial. His Honor was careful to warn the jury that it was competent only against the party making the statement, and could not be used against

the others. As to whether it was voluntary or not, that is in a large manner within the discretion of the trial Judge, and rests in a large manner in his wise discretion, and from the whole case we see no error as complained of in these exceptions, and they are overruled

Exception 11 complains that his Honor erred in not allowing Col. Johnson to answer the questions put to him by defendant's counsel, and making the following comment and ruling: ·

"I think the rapidity with which a projectile would fly through the air would depend on the force behind it, and if he knows how that pistol was charged he can testify. I think he is talking through his hat."

This was prejudicial, the witness had qualified as an expert in ballistics, and was entitled to give his opinion for what it was worth, and that was for the jury to determine. The testimony was competent, and in reply to evidence of the State in relation to the same point and an expression on the part of his Honor, nullifying the opinion of the expert witness on a material point in the case and practically discrediting his evidence with the jury, which made his Honor invade the province of the jury and become a participant with them of the determination of a question of fact and in violation of the principles decided by this Court in *Latimer v. Electric Co.,* 81 S. C., 379, 62 S. E., 438; *State v. Arnold,* 80 S. C., 383, 61 S. E., 891: *Stokes v. Murray,* 99 S. C., 221, 83 S. E., 3. This exception must be sustained.

Exceptions 12, 13, 14, 15, and 16 are overruled. The Judge's charge, taken as a whole, cannot be considered as prejudicial as complained of. His Honor should have charged the request No. 16, but there must be a new trial under exception 11, which is sustained.

New trial.