## 10835

### STATE v. SHERIFF

#### (110 S. E. 807)

1. INDICTMENT AND INFORMATION—ACCESSORY BEFORE FACT CANNOT BE CONVICTED ON INDICTMENT AS PRINCIPAL.—Under Cr. Code, 1912, §§ 919, 920, recognizing a distinction between principals and accessories before the fact, though the punishment for each is the same, the conviction of a defendant charged in the indictment as a principal, on evidence tending to show that, if guilty of any offense at all, it was of being an accessory before the fact, is illegal.

2. CRIMINAL LAW—WHERE DEFENDANT MADE NO MOTION FOR DIRECTED VERDICT, APPELLATE COURT MAY ONLY REVERSE AND ORDER A NEW TRIAL.—Where there was no motion for a directed verdict, appellate Court is limited to a reversal of the judgment and ordering a new trial.

Before PRINCE, J., Oconee, July, 1921.   Reversed and new trial ordered.

Matthew Sheriff, convicted of housebreaking and larceny, appeals.

*Messrs. Shelor & Hughs,* for appellant, cite: *Distinction between principal and accessory*: 2 Brev. 338; 12 Cyc. 183; 18 S. C. 177; Crim. Code 1912, Sec. 919, 920. *Person proven to be principal cannot be convicted on indictment as accessory*: 14 N. Y., 123; 26 S. C., 205; Crim. Code 1912, Sec. 178; 85 S. C., 277. *Accessory before the fact*: 2 Bail. 31; 12 Cyc. 185; 8 R. C. L. 66. *Principal must be present at crime*: 2 Brev. 338; 107 S. C., 445.

*Mr. Leon W. Harris,* Solicitor, for respondent.   Oral argument.

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

There should be a new trial upon the ground that the appellant was charged in the indictment as a principal, and the evidence tends to show that, if he

was guilty of any offense at all, 'it was that of having been an accessory before the fact.

The Common Law, as well as Sections 919, 920, Criminal Code, recognizes the distinction between principals and accessories before the fact and, while the punishment is the same for each, that does not change the essential distinction or relieve the necessity of the appropriate allegations in an indictment.

"In the absence of Statute authorizing a contrary procedure, an accessory must be indicted as such, whether he is indicted with the principal felon or separately." 22 Cyc. 360.

There is nothing in the Criminal Code in conflict with this conclusion; on the contrary, by the careful discrimination between principals and accessories contained in the sections above referred to, and the directions in reference thereto, the implication is strong that the above rule should be followed.

The Circuit Judge appears to have been led to error by the case of *Hartsville v. McCall,* 101 S. C., 277, 85 S. E., 599, which was a case of misdemeanor, where all are principals. Even in a case of that kind I think that the indictment should declare the facts as they are the legal conclusion following.

As there was no motion for a directed verdict, the Court is limited to a reversal of the judgment and the ordering of a new trial.

MR. JUSTICE WATTS did not participate on account of sickness.