### 11179

### STATE v. TURNER

(117 S. E., 79)

Homicide—Sentence of 12 Years for Manslaughter Not Disturbed.— A sentence of 12 years' hard labor for manslaughter *held* not of such severity as to warrant interference.

Before Sease, J., Marion, March, 1922. Affirmed.

Archie Turner was convicted of manslaughter and appeals.

*Messrs. W. B. Norton, A. F. Woods* and *W. F. Stackhouse,* for appellant, cite: *Sentence an abuse of discretion:* 113 S. C., 103; 115 S. C., 8; 115 S. C., 233; 110 S. E., 460.

*Messrs. L. M. Gasque, Solicitor; L. D. Lide* and *H. S. McCandlish,* for the State, cite: *Sentence within discretion of Judge:* 68 S. C., 138; 86 S. C., 367; 88 S. C., 229; 65 S. E., 191.

April 10, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the second appeal in this case. See 117 S. C., 470; 109 S. E., 119. Upon the second trial appellant was convicted of manslaughter and sentenced, and from such conviction and sentence appeals and seeks reversal.

The exceptions are four in number. The exceptions 1, 2, and 3, complain of error in not directing a verdict of not guilty as moved for by the appellant. This Court held in the former appeal that there was sufficient evidence to carry the case to the jury as to the appellant.

The evidence in the second trial, while it may vary as to some facts and circumstances, taken as a whole, is substantially the same, and his Honor would have been in error to have granted the motion, and these exceptions are overruled.

Exception 4 is:

"Because the sentence of 12 years' hard labor imposed upon the defendant by his Honor was so severe as to shock the conscience, and was an abuse of judicial discretion, his Honor by his instructions having prevented the jury from distinguishing between voluntary and involuntary manslaughter in their verdict, and then having answered that the verdict was one of voluntary manslaughter, and having imposed sentence for that crime."

We must overrule this exception. His Honor imposed the sentence that he saw proper, and, as tested by all of the facts and circumstances, it is not for us to interfere and say it was too severe, and we decline to review the sentence, and in our own opinion cannot say it was of such severity that we should interfere.

As to exceptions on the appeal from the settlement of the case: Exception 1 is sustained. There was no appeal from the charge of his Honor, but the appeal was solely from a refusal to direct a verdict and upon abuse of discretion in imposing sentence.

Exceptions 2 and 3 are sustained, as one of the grounds of appeal is abuse of discretion in imposing sentence, but, with this proviso, this Court is bound by the statement of his Honor in settling the case for appeal. Where his recollection is not clear, then he must give the best he knows. In our opinion, when he charged the law of voluntary and involuntary manslaughter, it was not necessary for him to have the jury say which their verdict was, unless requested to do so. If he told them it was not necessary to discriminate which it was in their finding, then was the time to direct his attention and ask for what they wanted. The exceptions on appeal from settlement of the case are sustained.

The exceptions to the conviction and sentence are overruled, and judgment affirmed.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY: I concur in affirming the sentence, but dissent from the reversal of the order settling the case.

MR. JUSTICE FRASER: I concur with the Chief Justice.