STATE OF IOWA, Appellee, v. LOUIS HEEREN, Appellant.

**INTOXICATING LIQUORS:** Nuisance—Evidence. Evidence held to amply support a verdict of guilty of maintaining a nuisance.

Headnote 1: 33 C. J. p. 770.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 27, 1925.

THE defendant was convicted of maintaining a liquor nuisance, and sentenced to pay a fine of $500 and costs, and in default of payment to stand committed to the county jail of Plymouth County until said fine and costs were paid at the statutory rate. From the judgment entered, he appeals.—*Affirmed.*

*T. M. Zink,* for appellant.

*Ben J. Gibson,* Attorney-general, *B. J. Flick,* Special Counsel, and *George W. Sturges,* County Attorney, for appellee.

DE GRAFF, J.—The defendant was indicted by the grand jury of Plymouth County, Iowa, for the crime of maintaining a liquor nuisance, in that, on or about the 24th day of October, 1924, the defendant in said county did use a certain building and place for the purpose "then and there and therein to manufacture intoxicating liquor," contrary to statute, as prescribed in Chapter 6, Title XII, Code of 1897, and acts amendatory thereto. Trial to the jury was had on a plea of "not guilty." A verdict of "guilty" was returned, and a judgment entered thereon in conformity to law.

This appeal presents but one question. Is the evidence sufficient to sustain a conviction? Was the defendant directly or indirectly concerned or engaged, by himself or with any other person or persons, in the manufacture of intoxicating liquor?

The defendant admitted in open court that:

"The land and building in question was owned by one Phalan, and that one Ostert, as lessee of said premises, operated a liquor nuisance thereon; that, on October 24, 1924, Ostert operated three stills in the barn on the premises and manufactured intoxicating liquors therein; that on said date the said premises were searched by certain law officers, and that at said time and place, there was found thirty-two gallons of intoxicating liquor, a quantity of mash, three stills, some empty jugs, and some jugs containing whisky; that, at said time, Ostert, with certain other persons, including defendant, were inside the barn, and

certain other persons were outside; that, at the time of the search and seizure, he was soldering one of the stills in said barn, and that he held a soldering iron in one hand and a stick of solder in the other.''

Apparently the prosecuting attorney was not satisfied or contented with this frank admission of record, but called, as witnesses, the peace officer and his assistants who conducted the raid. They testified to the admitted facts, but with these additions:

''That the raid occurred about midnight; that the barn door at the time was closed; that the stills were in operation and had fires under them, and that whisky was running from the stills into the jugs; that the defendant did not live on the premises where the liquor was found; that the defendant is a well driller, and resides at Le Mars, Iowa.''

It is quite obvious that a jury question was presented. The record presents something more than the mere presence of the defendant at the time and place in question. The State does not rely upon a presumption for a conviction. The jury was entitled to take into consideration all the facts, circumstances, and the permissible inferences to be drawn therefrom.

Counsel for the appellant assumes that the defendant may have been a tinner employed by Ostert to repair the still. This is an unwarranted assumption, and the time, place, and circumstances would tend to negative the inference. The evidence justified the submission of the case to the jury, and also justifies the verdict returned. See *State v. Elliott*, 198 Iowa 71.

The judgment entered is—*Affirmed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.