## 13018

### STATE v. JENNINGS

(155 S. E., 621)

*Mr. L. D. Jennings,* for appellant,

*Mr. F. A. McLeod, Solicitor,* and *R. D. Epps,* for respondent,

November 5, 1930.

The opinion of the Court was delivered by Mr. Justice Blease.

The appellant, Jennings, was indicted, along with C. D. Cockerell, as principal, for the murder of Ezra Hodge, by

the grand jury of Sumter County. The indictment contained only one count, charging both Cockerell and the appellant as principals with the murder of Hodge.

The appellant alone was put upon trial, the State using his co-defendant, Cockerell, as a witness against him. Upon examination of the witness, Cockerell, it appeared that the appellant was not a principal in the murder, but, if guilty at all, he was an accessory before the fact. Upon this appearing, the solicitor and his associate counsel moved the Court to withdraw the case from the jury. The appellant, through his counsel, objected to this procedure, and requested the Court to direct a verdict of not guilty in favor of the appellant. The request of the appellant was refused, and, over his protest, the State was permitted to withdraw the case from the jury.

Thereafter, at the instance of the solicitor, the grand jury of the county returned another indictment, in which the appellant was charged as accessory before the fact to the murder of Hodge; it being alleged that Cockerell was the principal in the murder. Upon being arraigned on this new indictment, the appellant set up the plea of former jeopardy, based on what had occurred upon the previous trial, which plea, however, was overruled by the presiding Judge, Hon. John S. Wilson.

The appellant, being remanded to the custody of the sheriff of Sumter County by the order of the Court to await trial on the last-mentioned indictment against him, then applied to the writer of this opinion, under *habeas corpus* proceedings, for his discharge from custody alleging that he was wrongfully detained, for the reason that he could not be tried upon the indictment last returned against him, since, under the law, he had been placed in jeopardy for the same offense upon the occasion of the trial first referred to. Upon return to the writ, the matter was heard by the writer, who, without giving any reasons therefor, preferring to have a decision of the Supreme Court on the questions involved, refused to discharge the appellant from custody.

Within the time allowed by law, the appellant appealed from the order of the writer, and thereupon the matter came to this Court for determination. At the hearing, the writer announced that he was disqualified to participate therein, but at the request of counsel for both the appellant and the State, the respondent, and by their agreement announced in open Court, and entered upon the minutes of the Court, the writer participated in the hearing of the appeal and takes part in the decision thereof.

The appeal presents but a single question, namely: When one is charged as principal only with the murder of a certain person is acquitted, or the case against him is withdrawn from the jury without legal cause, may he thereafter be indicted and put to trial as an accessory before the fact for the murder of the same person?

Stated somewhat differently, we may ask: "Under the circumstances recited above, was the plea of former jeopardy interposed by the appellant properly overruled by his Honor, the presiding Judge?"

The common law clearly distinguished between principals and accessories in the crime of murder. That distinction has been recognized in the judicial history of this State. While the punishment of principals and accessories before the fact in felonies is the same under Section 919, Volume 2 of the Code 1922, this Court has recognized the distinction between principals and accessories before the fact, *State v. Sheriff*, 118 S. C., 327, 110 S. E., 807.

We think the case mentioned fully sustains the ruling of the presiding Judge in the case at bar.

The appellant is of the impression that his position is supported by Mr. Wharton in his work on Criminal Law, but we are not able to agree with him. In Section 552, Volume 1 (7th Ed), of his work, Mr. Wharton said this:

"Whether an acquittal as principal bars an indictment as accessory, depends upon the question whether an accessory can be convicted on an indictment charging him as prin-

cipal. That he cannot, is the general tenor of authority; and where this is the law, an acquittal as principal is no bar to an indictment as accessory. And on the same reasoning acquittal as accessory is no bar in felonies, to an indictment as principal." See, also, 29 C. J., 1063, and 30 C. J., 133.

Appellant properly took the position in the lower Court that he could not be convicted as an accessory before the fact for the murder of Hodge, since the indictment charged him only with the crime of principal in that murder. The result of that trial was not an acquittal of the appellant, but it did have the effect of preventing him from being tried again on the charge of principal in the murder. See *State v. Bilton,* 156 S. C., 324, 153 S. E., 269. The effect of that trial, however, did not prevent the appellant from being tried again as an accessory before the fact, since accessory before the fact in the law of homicide is a distinct crime from that of principal in the murder.

The judgment of this Court is that the order of Associate Justice Blease refusing the discharge of the appellant, be affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.