## 16708

### STATE v. BRAZZELL
(74 S. E. (2d) 573)

*Messrs. R. B. Hildebrand,* of York, *and Hayes & Hayes,* of Rock Hill, *for Appellant,*

*Mr. Robert W. Hemphill, Solicitor,* of Chester, *for Respondent,*

February 2, 1953.

TAYLOR, Justice.

Appellant was tried and convicted of the crime of armed robbery and larceny at the September, 1951, term of General Sessions Court for York County and sentenced to prison for a term of ten years.

L. C. Melton, Hoyt O. Brazzell, Wm. Floyd Beckler, and Kenneth Hovis were jointly indicted with appellant for having with the use of pistols robbed a grocery store operated by W. C. Johnson in the city of Rock Hill, S. C., and one C. C. Johnson, who was then in charge, on the 26th day of January, 1948. Two of the defendants, Floyd Beckler and Kenneth Hovis, had prior to the trial pled guilty. The other three defendants, Melton, Hoyt Brazzell and appellant, Dave Brazzell, were placed on trial; but upon conclusion of the State's testimony, L. C. Melton and Hoyt Brazzell entered pleas of guilty leaving only the appellant, Dave Brazzell, to stand trial. At this stage of the case, motion was made for a directed verdict of not guilty on the grounds that there was insufficient evidence to submit the case to the jury. This motion was overruled and appellant assigns error therein.

A review of the testimony shows that Dave Brazzell is the son of Hoyt Brazzell and the brother-in-law of Melton and that they at that time lived within the same neighborhood in the city of Rock Hill; that appellant had previously owned and operated Brazzell's Grill. One of the witnesses testified that at approximately 5 or 5:30 the afternoon before the robbery the next morning at approximately 3 A. M., he, Beckler, Dave Brazell, Hoyt Brazzell and Melton met outside Brazzell's Grill and Dave Brazzell stated that he had been to Johnson's store and that everything was all right, the money was in the cash register and they could get it. He further stated that it was agreed to split the money five ways although all of the testimony shows that there were only four of them at the time. Upon being further questioned and being confronted with his testimony at the preliminary hearing to the effect that the meeting was inside Brazzell's Grill and that there were lots of people present at the time and at which time he was also confronted with fact that Brazzell's Grill had previously burned to the ground, he then changed his statement to we met "outside the door in the yard." About 11:30 that night without the knowledge or consent of ap-

pellant they picked up one Hovis and after revealing their plans to him accepted him as partner in the scheme and proceeded to Melton's house, secured the masks, two pistols and the clothes they were to wear and proceeded to carry out the planned robbery at approximately 3 A. M. Thereafter, they returned to Melton's house, burned the masks, some of the clothes and the checks obtained in the robbery, then counted and divided the money five ways according to one witness' testimony (four according to another), which amounted to $125.00 each. This witness' testimony further shows that Melton counted the money and gave each $125.00 but kept two shares to himself. The State's theory is that the extra $125.00 was turned over to appellant by Melton, but there is no testimony to support this unless it is where witness Beckler stated that Dave Brazzell never mentioned it to him thereafter but that he knew he, appellant, got the $125.00 or he would have said something about it. He then stated that he did not see appellant receive any of the money, therefore, this was only a conclusion on his part. The four heretofore named, not including appellant, stole a car from the King Motor Company to use in the carrying out of their plans and filled it with gasoline at Kilroy's Service Station, operated by appellant, which was located directly across the street from the site of Brazzell's Grill and did not pay for the gasoline, the implication being that appellant furnished the gasoline, but appellant was not present at the time, and there is no testimony as to knowledge thereof on his part and Melton who pled guilty testified after the motion for a directed verdict was made and refused that he later paid for the gasoline. The foregoing is the only testimony in the record connecting the appellant in any way with the crime and even this cannot be reconciled with the undisputed facts. If appellant went to the store that afternoon in order to report to the others the conditions there, he did so approximately 10 hours before the crime was to be committed and reported on a situation that was well known by him as he often traded there and was fully acquainted with the sur-

roundings and then reported erroneously that the money was in the cash register as Mr. C. C. Johnson testified that only a small amount of money was taken from the cash register, the rest from his billfold and a cigar box on one of the shelves; that he always took the money from the cash register at the end of the day and placed it in this box; that the one taking the money went directly to the cigar box on the shelf which indicated prior knowledge of its whereabouts, all of which cannot be reconciled with witness Beckler's statements. Mr. Johnson further testified that he knew appellant well and that he was not present at the time of the robbery. The State relied strongly upon *State v. Gilbert*, 107 S. C. 443, 93 S. E. 125, where the court held that:

"If several persons in pursuance of a common design to commit an unlawful act, whether it be a felony or misdemeanor, set out together or in small parties, and each takes a part agreed upon or assigned him, some to commit the act, others to watch [the act] at proper distances and stations to prevent interference or surprise or to encourage the commission of the unlawful act or to favor, if necessary, the escape of those immediately engaged in the commission of the unlawful act, under these circumstances, if the unlawful act is committed, the act of one is the act of all and all are presumed to be present and guilty; * * *. The act of each would tend to give countenance, encouragement, and protection to the whole gang and to insure the success of the common undertaking in the commission of the unlawful act."

"The law is that when two or more persons aid, encourage, and abet each other in the commission of a crime, all being present, all are principals and equally guilty." *State v. Williams*, 189 S. C. 19, 199 S. E. 906, 908.

The foregoing is unquestionably good law but the facts in the instant case are entirely different. Here it is undisputed that appellant took no part in the actual robbery and was not present at the time of its commission. Neither did he act as a watcher, take any part in the commission of the crime

or aid in the escape of those engaged in the immediate commission of the unlawful act. The evidence and the reasonable inferences to be drawn therefrom under the circumstances might be said to be sufficient to raise a grave suspicion but a careful analysis of such warrants us in concluding that it was not sufficient to support a verdict of guilt as to this appellant and his honor was in error in not directing a verdict as to him. See *State v. Turner,* 117 S. C. 470, 109 S. E. 119; *State v. Kimbrell,* 191 S. C. 238, 4 S. E. (2d) 121; *State v. Manis,* 214 S. C. 99, 51 S. E. (2d) 370.

For the foregoing reasons we are of the opinion that the case should be reversed and remanded with instructions that a verdict of "Not Guilty" be entered and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur in result.

STUKES, Justice (concurring).

I concur upon the ground that appellant was indicted as a principal in the commission of the crime charged and the evidence tended to prove him guilty as an accessory before the fact and conspiracy, wherefore his motion for directed verdict of not guilty upon the indictment should have been granted. This is the ground most stressed in his brief, for which he cites *State v. Sheriff,* 118 S. C. 327, 110 S. E. 807. See also, 2 Code of 1952, 743, 744, Secs. 16-1, 16-2, and cases cited in the footnotes, particularly *State v. Jennings,* 158 S. C. 422, 155 S. E. 621.

FISHBURNE and OXNER, JJ., concur.

BAKER, Chief Justice (concurring).

It is my opinion that the trial Judge erred in refusing the motion of the appellant for a direction of verdict of not guilty for the reasons stated in both the main opinion and the concurring opinion herein.